Richard T. Hansen
1031 Rosecrans Ave.  Ste. 104
Fullerton, Ca. 92833
(714) 870-0310
Fax (714) 870-0155
Defendant In Pro Se

FILED-SOUTHERN
CLERK, U.S. DIS...

NOV - 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SMITH, on behalf of herself And her minor child Zues Harrison Smith<br><br>Plaintiffs<br><br><br>vs.<br><br><br>RICHARD T. HANSEN, D. D. S., d/b/a COMPREHENSIVE DENTAL CENTER ASSOCIATES<br><br><br>Defendants. | ) Case No.  SACV 10-01964 JVS(JCx)<br>)<br>)<br>) RESPONSE TO DECLARATION<br>) OF GWENDOLYN SMITH,<br>) AKA GIA SCHULTZ,<br>) AKA GWENDOLYN SCOTT,<br>) AKA GWEN SMYTHE,<br>) AKA GWEN SMITH,<br>) AKA WENDY GROSS,<br>) AKA WENDY GROZE;<br>) MEMORANDUM OF POINTS<br>) AND AUTHORITIES;<br>) EXHIBITS<br>)<br>)<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S DECLARATION

### I. Plaintiff Has Not Complied With The Court's Order

Plaintiff has been ordered by this court to provide **all** facts relevant to her citizenship at the time the present action was filed. Plaintiff's declaration should have at least been accompanied by rent receipts, utility bills, voter's registration card, etc. that could provide this Court, and the defendant, with more substantial evidence that would comply with the court's order.

In this case, Plaintiff has failed to provide *all* information relevant to her citizenship, particularly with the name under which such citizenship might be claimed. Defendant began researching this issue himself and came across some rather interesting facts. It appears that the Plaintiff has used several names to rent property all across the United States. **(See Exhibit A)**

Defendant also has information that the Plaintiff has lived in Sebastopol, California since at least February of 2009, and for at least 18 months after July 2009, while taking "legal" advantage of an elderly woman named Constance Cook. **(See Exhibit B)**

Since she was involved in litigation in Sonoma County California, it is logical to assume that she had to be living somewhere in or near Sebastopol or Santa Rosa, California until the date of the court's judgment on November 22, 2010. **(See Exhibit C)**

1

However, her declaration that she intended to continue to reside in
Oregon should be questioned since no sooner than she may have arrived in
Oregon, eviction proceedings immediately began that resulted in her having to
answer to criminal charges on January 4, 2011, and a civil eviction on January
19, 2011. **(See Exhibit D)**

It is equally unlikely that the Plaintiff will want to reside in the State
of Oregon considering the Court's Order in April regarding the case of Pamela
Joy v. Gia Schultz, Case No. 110008360E. **(See Exhibit E)**

Whereas, it is possible that the Plaintiff may have lived in Oregon
during the month of December 2010 when she filed this complaint in this
Federal Court, it is more likely that she was either renting a room in Sebastopol
under one of her many aliases since she is residing there now, or living
somewhere near her attorney friend, Gary Levinson, who provides her an
address at his law office in Newport Beach, California.

Thus, this Defendant is not satisfied that the Plaintiff's declaration has
completely complied with the order of the court, and has failed to provide
definitive proof of her state citizenship.

## II. Request for Limited Discovery On The
## Issue Of Plaintiff's Citizenship

For all of the above reasons, Defendant would like to take limited
discovery on the issue of Plaintiff's state citizenship.  Such a request is
warranted because, considering the sketchy nature her declaration in relation to

her history, it would otherwise be difficult, if not impossible, for this court to determine diversity jurisdiction.  It is also possible that discovery may prove that her declaration lacks the same truthfulness that her actions have displayed in the past.


Wherefore, Defendant prays:

1.  That this court allow Defendant to take limited discovery regarding the issue of the Plaintiff's citizenship, and order a schedule for discovery procedures, or

2.  Dismiss this case if the court suspects Plaintiff's declaration is untruthful and this action is an abuse of process, or

3.  For any other relief that this court determines to be just and proper.


Respectfully submitted,


Dated:  November 2, 2011

Richard T. Hansen
1031 Rosecrans Ave. Ste. 104
Fullerton, Ca. 92833
(714) 870-0310
Fax (714) 870-0155
Defendant In Pro Per

# Exhibit A

**GWENDOLYN WALKER SMITH aka GIA SCHULTZ aka GWENDOLYN SCOTT aka GWEN SMYTHE aka GWEN SMITH aka WENDY GROSS aka WENDY GROZE SCHEMES FROM MASSACHUSETTS TO HAWAII, WISCONSIN TO CALIFORNIA.**

**Beware when lending money and providing living quarters.**
Where are she and her teenage son now?

**Gwen Smith Still Running Across USA?**

March 19, 2011 update:

Smith is in Ashland, Oregon per latest tip. We are told that she is using a new name **GWENDOLYN SCOTT and may have used Gia Schultz.**  The latest lawsuit against her is from former recent  landlord Lance Hilt. Case No. 100027312E Circuit Court of the State of Oregon for County of Jackson.  The court has a current address given by her.

**THE PRESS DEMOCRAT**

BY RANDI ROSSMAN

**Update published August 11, 2010.**

***CHRISTOPHER CHUNG / The Press Democrat***
Property owner Connie Cook examines the kitchen of her rental unit, near Graton, recently vacated by Gwen Smith. Smith had refused to pay rent for more than a year while living at the property, and Cook said she left the unit uncleaned and damaged.
**Read latest news article** in Press Democrat by Randi Rossman about Gwen Smith.  Smith is using a Newport Beach address now.  Is it a mailbox? 5160 Birch Street, #200, Newport Beach, CA  92660.

**April 2010: Read Sebastopal article:**

Landlord and homeowner Connie Cook is having financial problems due to a rent dispute with tenant Gwen Smith who lives in the above unit with her teenage son on Cook's property near Graton in west Sonoma County.

**By PAUL PAYNE THE PRESS DEMOCRAT** Published: Thursday, April 8, 2010 at 3:00 a.m. Last Modified: Thursday, April 8, 2010 at 10:07 p.m. Gwen Smith seemed like the perfect tenant for Barbara Wilt's Sebastopol apartment. The 53-year-old single mother was articulate and bright, had good references and talked about using her law degree to help crime victims and other women raising children on their own. But what Wilt didn't know when she handed over the keys to her converted garage on Brookside Avenue in 2008 was that she was opening her doors to trouble. **Read article.   March 8, 2009: Gwen Smith** may still be in the Sebastopol, CA area per an anonymous tip from a party who experienced her methods first hand. **November 9, 2008:** Another investigation is being made on **Gwen Smith**, so far an <u>unlicensed</u> attorney, who is allegedly working cross-country borrowing money and living off of people, then skips town when confronted for repayment. There are records of alleged instances of harassment as well. **Gwen Smith** allegedly assaults when her repayment promises are not kept.     **Gwen Smith** is also known as or may be also known as **Gwendolyn Smith, Gwen Smyth, Gwendolyn Smyth, Gwendolyn Scott, Gia Schultz, Gwen Walke, Gwendolyn Walker Smith, Wendy Gross** and **Wendy Groze**.

Birth dates on court records differ from September 29 to September 26 with years apart 1956 - 1959 under aka names per investigators.

"In addition, personal possessions and vehicles are taken without permission", states **Dr. Elizabeth Hamilton.** Dr. Hamilton won her civil suit in Santa Cruz, CA Superior Court against Smith for non-repayment. Dr. Hamilton also had to search and extract her "missing" vehicle.  Smith worked for Dr. Hamilton as a receptionist for a very short period of time.  Dr. Hamilton has now passed away from complications from stress.

We are told that Smith's former boyfriend attorney "Gary", now just a friend, allegedly additionally places strategies to block recourse for

the innocent victims. **Gwen Smith** has used his address and collectors reach a dead-end. She travels with her son, **Harrison Zeus Smith**.

Public documents have been provided by a private investigator and lawyer hired by those who have suffered.

Smith is divorced from Sherman Smith.

Documents show a Boston, MA delinquent **$27,500.00** school loan attempting to collect from Smith, a collection agency document for three credit card outstanding balances and a **$2,435.00** Judgment from another Californian. Smith has resided in **Hawaii**, California, Arizona, Wisconsin, Massachusetts, Minnesota and possibly other states.

There also may be a denial of a drivers license to a Wendy Gross in Massachusetts per denied appeal court documents.

**Leroy R. Zook v Gwendolyn Smith** CIV. NO. 1SS00-1507 of District Court Honolulu dated July 22, 2004. Zook prevails with court denying Smith appeal.

In addition, **Renz. D. Jennings** prevailed in another lawsuit dated May 31, 2007. We are looking for this suit documentation.

**$5,000 Judgment - California Whole Foods Bounced Check $80,029.75 Judgment - Wisconsin Hawaii Denies Drivers License to Gwen Smith Minnesota Judges Order Against Gwendolyn Walker Smith**

*Truth is a defense in defamation cases. There is a three week time limitation for alleged libel or defamation legal action against online newspapers. Any request for changes with strong facts supplied has not been received and the time limitation has expired and would have failed regardless as only truth is posted. Many parties have supplied documents, the above press release and supporting court documents posted.*

# Exhibit B

http://www.pressdemocrat.com/article/20101104/ARTICLES/1...

# pressdemocrat

This copy is for your personal, noncommercial use only. You can order presentation-ready copies for distribution to your colleagues, clients or customers here or use the "Reprints" tool that appears above any article. Order a reprint of this article now.

## Final chapter: Landlord loses her home and dream

By PAUL PAYNE
THE PRESS DEMOCRAT
Published: Thursday, November 4, 2010 at 4:36 p.m.



Connie Cook thought she had her retirement all figured out.

Ten years ago, the 66-year-old dance therapist invested her life savings in a west Sonoma County dream home at the end of a country lane, complete with two rental units she thought would guarantee her a comfortable living into her golden years.

It worked until February 2009, when a seemingly down-on-her-luck single-mother and law student moved into Cook's converted red barn and quickly became Cook's tenant from hell.

Cook said Gwen Smith, 53, drove off Cook's other tenant and then stopped paying rent, part of a pattern documented by previous court judgments against Smith. After an 18-month legal battle to get her off the property, the tenant finally pulled up stakes in August.

But the damage was done.

Without the rental income from the two units, Cook's finances were ruined. She sold the house at a loss this week on the brink of foreclosure, the final chapter of a story told in April and August in The Press Democrat.

In a cruel bit of irony, the new owners may agree to rent Cook the very same unit that had been occupied by Smith and her teenage son -- the converted barn on a rural spot on Douglas Lane.

"My heart is broken," Cook said Thursday as she walked the acre property she bought with inheritance from her father. "What she's done is criminal. She sent me from heaven to hell," she said of her former tenant.

Earlier this week, Superior Court Judge Mark Tansil ordered Smith to pay Cook $49,635 in back rent and damages. The order followed a three-day trial in which Smith, a paralegal who represented herself, claimed the unit was substandard.

Cook's lawyer, Jim Sansone of Santa Rosa, said his client has little hope of ever recovering a penny of the money because Smith has tens of thousands of dollars in judgments against her from past landlords, including one in Sebastopol and several in other states.

"At the very least, we got the word out about her," Sansone said. "She's a serial squatter. I think the evidence clearly established that."

Smith could not be reached. Her Orange County lawyer, Gary Levinson, did not return a phone call Thursday.



# Auto Loans
as low as

# 2.99% APR

New or Used
Purchase or Refinance

– Bill, Member since 2007

# Redwood
## Credit Union

1 (800) 479-7928
www.redwoodcu.org

All rates, yields and terms subject to change. Rates effective 10/4/2011. Estimated payment example 60-mo. term/$20,000 borrowed: $359.32/mo at 2.99% APR. APR reflects credit score of 730 or higher and 80% loan-to-value. Certain restrictions apply. We look forward to serving you!

11/1/11 11:28 PM

http://www.pressdemocrat.com/article/20101104/ARTICLES/1...

At trial, the woman who admitted to using at least three aliases said she moved 500 miles away because of newspaper publicity surrounding her case, Sansone said.

Statements at trial suggested she was living in Oregon. Sansone said Smith claimed to have taken the California bar examination in July and was awaiting results.

Smith's court record as a tenant in Sonoma County and out of state became public this spring, when she lost a decision to her previous landlord, Barbara Wilt of Sebastopol.

In that case, Judge Elliot Daum concluded Smith maliciously and manipulatively stopped paying rent after she moved into Wilt's apartment. He ordered her to pay $42,500 in back rent and damages. Smith has appealed the decision, saying the unit was uninhabitable.

Other details of her past emerged, including an $80,000 judgment in Wisconsin and landlord-tenant cases in Hawaii, Arizona, Delaware and Missouri.

Wilt's lawyer, Lisa Gygax, said Smith is able to manipulate landlords because she is familiar with laws that allow a tenant to withhold rent for even minor housing violations. Her history can be unknown to potential landlords because of other laws requiring secrecy around eviction proceedings.

A simple cure would be to require renters to pay into a trust account while violations are investigated and corrected, Gygax said.

"We'd get rid of 80 percent of the unlawful detainer cases in California," she said.

While fighting Wilt in court, Smith and her son moved into Cook's upstairs unit on the Douglas Lane property. Smith was living in a 1,200-square-foot one-bedroom house on the same property.

Cook said she didn't know about Smith's problems with Wilt because Smith didn't disclose her as a prior landlord. She did check a reference, but didn't dig deeply into Smith's background, instead relying on a feeling that Smith was trustworthy. She said she felt sympathy for her because she was a single mother, who simply seemed to be doing the best she can.

But by June 2009, Cook said Smith stopped paying rent, saying the unit was substandard. She changed the locks twice during her tenancy and wouldn't allow Cook inside. Scheduled court hearings dragged out the process.

Cook said the woman told her the apartment was making her sick, needed repairs and that the water was bad. She sent repairmen and conducted a test on the water which showed it was fine, she said.

Less than an hour before an eviction hearing on Aug. 11, Smith packed her belongings and moved out after 18 months. Her son had been attending nearby Analy High School, but was not enrolled this fall.

On Thursday, Cook walked the apartment, surveying some remaining damage such as holes in walls and stained carpet. People who have read about her plight have volunteered to paint and repair the unit with a sunset view so she can move in.

Cook said she developed a bond with the new owners at the first open house.

"They knew about my situation," she said. "When they walked in and saw what I was losing they had tears in their eyes."

Now, Cook said she'll hold a garage sale to thin some of the belongings she acquired

over her nearly 40-year career in which she treated patients around the country and in Europe. She'll also look for a job but she said it's unlikely she'll return to her old profession.

Starting over will be tough, she said.

"I've got to get work of some kind," Cook said. "I really wasn't planning on this."

Copyright © 2011 PressDemocrat.com — All rights reserved. Restricted use only.

# Exhibit C

1    James V. Sansone, Esq. (SBN: 244671)
     LAW OFFICES OF JAMES V. SANSONE
2    1400 N. Dutton Avenue, Suite 21
     Santa Rosa, CA 95401
3    Telephone: (707) 542-5611
     Facsimile: (707) 545-1522
4

5    Attorney for
     Constance Cook

**F I L E D**

NOV 2 2 2010

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
By_____
             Deputy Clerk

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF SONOMA**

| | |
|---|---|
| CONSTANCE COOK | Case No.: SCV-247027 |
|      Plaintiff, | **[PROPOSED] JUDGMENT** |
|      vs. | |
| GWENDOLYN SMITH; and DOES 1 to 10 | |
|      Defendants | |
| GWENDOLYN SMITH | |
|      Cross-Complainant, | |
|      vs. | |
| CONSTANCE COOK | |
|      Cross-Defendant | |

This cause came on regularly for trial on October 27, 2010, in the above entitled court, the Honorable Mark Tansil, Judge, presiding, sitting without a jury, a jury having been duly waived. Plaintiff/Cross Defendant appeared by attorney, JAMES V. SANSONE. Defendant/Cross Complainant GWENDOLYN SMITH appeared in propria persona.

Evidence, both oral and documentary, having been presented, the cause having been argued and submitted for decision and a statement of decision being requested by Plaintiff/Cross Defendant,

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. Plaintiff/Cross Defendant shall recover from Defendant/Cross Complainant the following sums:

   a. Damages for past due rent of the premises for the period from July 6, 2009 to March 9, 2010, in the sum of $10,045.00;

   b. Hold over damages for the reasonable rental value of the premises at the rate of $41.00 per day from March 10, 2010 to August 10, 2010, in the sum of $6,314.00;

   c. Costs for witness fees in the amount of $186.32;

   d. Punitive damages of two times the judgment, in the sum of $33,090.64, based on the court's finding that the Defendant/Cross Complainant's conduct during her tenancy, and this entire litigation, to be intentional, malicious, and outrageous, so that punitive damages are appropriate.

2. As the record is completely absent of any proof to support the Defendant/Cross Complainant's Cross Complaint, the Court finds in favor of Plaintiff/Cross Defendant and that Defendant/Cross Complainant take nothing by virtue of her Cross Complaint;

3. All DOE defendants remaining in this case are dismissed without prejudice;

///

4. Plaintiff/Cross Defendant's Counsel is to prepare, pursuant to his request, a Proposed Statement of Decision and submit it to the Court and serve it on Defendant/Cross Complainant by United States Mail at her address on file with the Court, not later than November 11, 2010.

IT IS HEREBY ORDERED, that judgment shall be entered pursuant to the preceding findings against Defendant/Cross Complainant GWENDOLYN SMITH, in the total amount of $49,635.96.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated this ___ day of _____, 2010
       22     November

Hon. Mark Tansil
Superior Court Judge

SCV-247027

PROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, CA 95403; that I am not a party to this cause; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the foregoing attached papers in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date: November 22, 2010

JOSÉ OCTAVIO GUILLÉN
COURT EXECUTIVE OFFICER

by

Deputy Clerk

--ADDRESSEES--

COOK, CONSTANCE
5200 DOUGLAS LN
SEBASTOPOL, CA 95472

SMITH, GWENDOLYN
5160 BIRCH ST # 200
NEWPORT BEACH, CA 92660

Hon. Mark Tansil
SONOMA COUNTY SUPERIOR COURT
3055 Cleveland Ave
Santa Rosa, CA 95403
Telephone: (707)521-6500

**ENDORSED
FILED**

NOV 2 2 2010

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

CONSTANCE COOK

    Plaintiff,

    vs.

GWENDOLYN SMITH; and DOES 1 to 10
    Defendants

Case No.: SCV-247027

**STATEMENT OF
DECISION**

GWENDOLYN SMITH

    Cross-Complainant,

    vs.

CONSTANCE COOK

    Cross-Defendant

      This cause came on this calendar regularly for trial on October 27, 2010, in this

department. Plaintiff/Cross Defendant appeared by attorney, JAMES V. SANSONE.

Defendant/Cross Complainant GWENDOLYN SMITH appeared in propria persona.

      The defendant made a number of oral motions before abandoning the trial.  Having

abandoned the court with jury on hold, the defendant waived her jury and the trial began in

absentia. The defendant then returned during the trial and abandoned the proceedings again on the third day.

On October 27, 2010 prior to the commencement of this trial, Smith had made an oral motion for a continuance based on her allegation that she needs more time to prepare for trial. Smith admitted that she was unprepared. The court finds that Smith's conduct in filing history and actions to delay this case from coming to trial amounts to extraordinary tactical delay and abuse of process.

Smith also requested time to obtain counsel. The initial action commenced on August 14, 2009 and the failure to obtain counsel for such a long time is not good cause to continue the trial as it prejudices the plaintiff. The court finds that defendant Gwen Smith has had amble time to hire counsel.

By October 27, 2010, trial on this matter had already been continued for Smith twice. The first, the Unlawful Detainer trial, was continued when Smith moved out of the subject unit on the very day the trial was set for on August 10, 2010. On the second trial date in this action Smith did not appear. Attorney Duane Light, whom she Smith admits she has never met; appeared specially on her behalf and orally moved for a continuance based solely on the claim that Smith was receiving emergency surgery on September 1, 2010.

On September 1, 2010, this court over plaintiff's objections, granted Smith's request for a continuance and continued the matter to October 27, 2010, but ordered Smith to provide proof of her alleged emergency medical surgery at the next court date of October 27, 2010. Smith has provided this Court with a letter from a dentist as her proof but it fails to show any medical emergency or surgery. The Court finds that Defendant Gwen Smith is in violation of the Court's order. Having presented no good cause for a third continuance, the motion was denied.

1   Smith also requested to continue to file a cross-complaint. A permissive cross-complaint

2   is allowed by a defendant in an unlawful detainer action for the period of 30 days after

3   possession was surrendered and that date passed on September 10, 2010. In an abundance of

4   fairness and seeing the facts related to the claims are noticed in the answer filed by the

5   defendant, the court allowed the defendant to file her cross-complaint and heard the action as

6   part of the trial.

7   During the trial, the Plaintiff/Cross Defendant CONSTANCE COOK, hereinafter "Cook"

8   has presented competent and reliable evidence, both oral and documentary that Gwen Smith

9   rented the plaintiff's unit after inspecting it on February 19, 2009;

10   That the defendant failed to pay rent beginning in July of 2009 through the date Smith

11   vacated on August 10, 2010.

12   That the unit was habitable and that the hold over value of the unit is $ 41.00 per day;

13   That cost incurred are $ $186.32; and

14   That plaintiff listed numerous facts that include disruption, threats, and a deliberate scheme

15   to not pay rent. The totality of conduct by the defendant constitutes malicious holding over.

16   Gwendolyn Smith presented very little competent admissible evidence. The evidence

17   presented was not credible as to her affirmative defenses.

18   The defendant presented no evidence as to necessary elements of the numerous claims in her

19   cross-complaint.  Smith admitted on the record to being a paralegal by trade who has assisted

20   individuals in filing appellate level briefs, holding a Master's Degree, and having a law degree.

21   The Court will address these issues and findings below.

22   / / /

23   / / /

i.   The Defenses and Affirmative Claim of Breach Warranty of Habitability

Cal Civ Code § 1941.1 provides the standards for habitability.

Smith produced no competent admissible evidence that the subject unit substantially lacked any of the categories within the code.

However, Cook provided competent admissible evidence that established by a preponderance of the evidence that the unit did not violate Cal Civ Code § 1941.1. Cook testified that the unit had waterproofing and weather protection, working plumbing and gas facilities, working heating facilities, working electrical lighting, surrounding area kept clean, and floors, stairways, and railings maintained in average condition.   Evidence presented that supports the fact that the floors, stairways, and railings were adequately maintained are the receipts introduced into evidence by Cook that establish by a preponderance of the evidence the front deck and stairs were repaired prior to Smith taking possession of the subject unit. The Court finds that the unit was tenantable and that there were no violations of Cal Civ Code § 1941.1.

Notwithstanding the above finding, Cal Civ Code § 1941.2 provides in part that no duty exists on the part of the landlord to repair a dilapidation if the tenant fails to keep the premises in clean and sanitary condition.  Cook testified that Smith kept cats locked within the unit while traveling for an extended period resulting in unclean conditions, inter alia, cat feces, cat urine, and cat vomit.  Based on a preponderance of the evidence the Court finds that Smith failed to keep the unit in a clean and sanitary condition, thus Cook did not breach her duties.

The Court further finds, based on Cook's testimony, documentary evidence submitted by Cook, and the testimony of Bob Herr stating that he was present during an incident where Smith would not allow Cook in the unit to make repairs, that Cook made good faith efforts to respond to the complaints of the tenant at the subject unit, but it was Smith who prevented inspection and

any possible needed repairs from being made.

Smith next alleged that the water in the subject unit was brown and contained high levels of lead, and other toxins, that mad it unsafe to use and drink. Smith was unable to produce any admissible evidence to prove this claim. Cook produced Ann Hill, manager of Brelje and Race Laboratories, Inc, who testified that based on her testing of the water supply; the levels of lead detected in the water were within legally safe limits. Further, Ann Hill testified that it is common for water to be a brownish color in the area of the county the subject unit was located and that water that ran brown usually provided absolutely no safety hazard. Based on a preponderance of the evidence the Court finds that the water in the subject unit was safe for consumption and use.

ii.   **Retaliatory Eviction**

Cal Civ Code § 1942.5(a) prohibits retaliation against certain acts so long as tenant is not in default as to the payment of rent. The insistent Complaint is based on a Three Day Notice to Pay Rent or Quit. It is not based on a 30 or 60 Day Notice to Quit. It is undisputed that Smith was in default as to the payment of rent. Based on a preponderance of the evidence the Court finds that this action was brought for nonpayment of rent and not for retaliation as defined in Cal Civ Code § 1942.5(a).

iii.   **Illegality of Unit**

Smith has provided no authority that precludes the charging of rent for an illegal unit in Sonoma County. The Guzman case and Orange County cases that Smith relies on all apply only to those specific municipalities that created those ordinances. Sonoma County has no rent control and relies solely on Cal Civ Code § 1941 for habitability standards.

///

Based on the testimony of Bob Herr, employed by the Sonoma County Permit and Resource Management Department, and the records testified to by Bob Herr, and with absolutely no admissible evidence offered to the contrary, the Court finds by a preponderance of the evidence that the subject unit was properly permitted, and thus rent could be charged.

A. SMITH CROSS COMPLAINT

Smith filed a Cross Complaint for (1) Breach of Warranty of Habitability, (2) Retaliatory Eviction, (3) Breach of Covenant of Quiet Enjoyment of Lease Premises, (4) Fraudulent Inducement, (5) Constructive Eviction, (6) Forcible Detainer, (7) Breach of Fiduciary Duty to Protect Against Criminal Acts of Third Parties, (8) Conversion, (9) Trespass, (10) Abuse of Process, (11) Defamation Per Se, (12) Assault and Battery, (13) Intentional Infliction of Emotional Distress, (14) Conspiracy, (15) Personal Injury and Property Damage from Toxic Mold, (16) Personal Injury from Carbon Monoxide Poisoning, (17) Personal Injury and Property Damage from Lead Poisoning, and (18) Personal Injury from Hydrogen Sulfide and Ammonia.

For the reasons and law stated above, Smith has failed to show by a preponderance of the evidence any Breach of Warranty of Habitability, Retaliatory Eviction, or Personal Injury and Property Damage from Lead Poisoning.

Moreover, the record is completely void of any evidence that would support the finding of liability against Cook for Breach of Covenant of Quiet Enjoyment of Lease Premises, Fraudulent Inducement, Constructive Eviction, Forcible Detainer, Breach of Fiduciary Duty to Protect Against Criminal Acts of Third Parties, Conversion, Trespass, Abuse of Process, Defamation Per Se, Assault and Battery, Intentional Infliction of Emotional Distress, Conspiracy, Personal Injury and Property Damage from Toxic Mold, Personal Injury from Carbon Monoxide Poisoning, or Personal Injury from Hydrogen Sulfide and Ammonia.

Cross-complainant Smith presented absolutely no evidence or claims for special damages nor evidence or request for general damages during the trial.

Therefore, Smith shall take nothing by virtue of her Cross Complaint.

**B.  TREBLE/PUNITIVE DAMAGES**

A tenant of real property who willfully, deliberately, intentionally and obstinately withholds possession of the property, with knowledge of the termination of her rental agreement and against the will of the landlord, is liable for treble damages (Gwinn vs. Goldman, 57 Cal.App.2d 393, 400).

Here, there is more than ample evidence to the support the Courts' finding that Smith willfully, deliberately, intentionally and obstinately withheld possession of the property, with full knowledge of the termination of her rental agreement, and against the clear will of Cook.  Smith took possession of the property on February 19, 2009.  It is undisputed that Smith stopped paying rent in July 2009.

Smith filed the following motions which extended the litigation of this matter for one year and three months:

1.  September 17, 2009: Smith files her first Motion to Quash Service of Summons in response to the August 14, 2009: Unlawful Detainer action filed by Cook.

2.  September 29, 2009: Smith files a second Motion to Quash,

3.  October 5, 2009: Entry of Default was entered against Smith,

4.  October 9, 2009: Smith filed an Ex Parte Application to have Entry of Default vacated.  The matter was continued to October 13, wherein the court vacated the default judgment,

5.  October 19, 2009: Smith files her third Motion to Quash.

6.  November 2, 2009: Smith files an appeal and Writ regarding the denial of her Motion to Quash,

7.  March 11, 2010: After the Court would not require Smith to pay an appellate bond, Cook dismissed the Complaint in Unlawful Detainer (MCV-205775) since Cook could not wait until May 2010 for the appellate hearing,

8.  March 15, 2010: The undersigned filed a second Complaint in Unlawful Detainer

9.  March 29, 2010: Smith files a Motion to Quash,

10. April 13, 2010: Smith files for a Petition of Writ of Mandate, which was denied,

11. April 26, 2010: Smith petitions the California Supreme Court for cert,

12. June 21, 2010: Smith files a Motion to Change Venue,

13. July 26, 2010: Smith finally files an Answer, almost one year later,

14. August 10, 2010: Trial set in department 15,

15. August 10, 2010: Less than an hour before trial was to start, Smith relinquished possession of the subject unit,

16. September 1, 2010: Trial set in department 18 for damages which was continued to October 27, 2010 based on false representation of emergency medical condition that upon viewing the evidence was not based on good cause.

17. October 27, 2010: Smith orally requests a continuance of trial to prepare and to obtain counsel.

Thereby based on clear and convincing evidence the Court finds Smith's conduct during her tenancy, and the procedural history of this case, in which Smith was able to delay these proceedings, which should have been a summary proceeding, for over one year, to be intentional, malicious, and outrageous, and which clearly establish that Smith had no intention to argue the merits of these case, but instead, to delay these proceedings with the malicious intent to deprive Cook of the beneficial use of the property, so that treble/punitive damages are appropriate.

///

///

///

Based on the evidence, the Court entered the following judgment against Smith.

Damages for past due rent of the premises for the period from July 6, 2009 to March 9, 2010, in the sum of $10,045.00;

Hold over damages for the reasonable rental value of the premises at the rate of $41.00 per day from March 10, 2010 to August 10, 2010, in the sum of $6,314.00;

Costs for witness fees in the amount of $186.32;

Punitive damages of two times the judgment, in the sum of $33,090.64.

The total judgment entered pursuant to these preceding and findings against Defendant GWENDOLYN SMITH, is the total amount of $49,635.96.

IT IS SO ORDERED:


Dated this 22 day of November, 2010

**MARK TANSIL**

_____

Mark Tansil
Sonoma County Superior Court Judge

SCV-247027

## PROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, CA 95403; that I am not a party to this cause; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the foregoing attached papers in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date: November 22, 2010

JOSÉ OCTAVIO GUILLÉN
COURT EXECUTIVE OFFICER

by_____ Alyce Frost

Deputy Clerk

--ADDRESSEES--

COOK, CONSTANCE
5200 DOUGLAS LN
SEBASTOPOL, CA 95472

SMITH, GWENDOLYN
5160 BIRCH ST # 200
NEWPORT BEACH, CA 92660

# Exhibit D

# pressdemocrat

This copy is for your personal, noncommercial use only. You can order presentation-ready copies for distribution to your colleagues, clients or customers here or use the "Reprints" tool that appears above any article. Order a reprint of this article now.

## Former Sebastopol renter runs afoul of the law in Oregon

By PAUL PAYNE
THE PRESS DEMOCRAT
Published: Monday, December 20, 2010 at 1:12 p.m.

A former Sebastopol woman and accused serial squatter who left Sonoma County after being ordered to pay tens of thousands of dollars in back rent is suspected of being at it again, this time in southern Oregon.



PD FILE
Connie Cook (shown) has lost her property to foreclosure because of Gwendolyn Walker Smith not paying rent on her Sebastopol property.

Gwendolyn Walker Smith, 54, was cited Dec. 10 with two felony counts of theft by deception for allegedly failing to pay for a room she is sub-letting on a 27-acre farm near Ashland, Jackson County sheriff's spokeswoman Andrea Carlson said.

Smith has since paid landlords Lance Hilt and Pam Vavra $800 but they said they are continuing eviction proceedings against the tenant. The couple discovered Smith's checkered rental past - which spans several states — after doing a Google search of her name and reading archived stories about her in The Press Democrat.

Smith did not return a phone call Monday seeking comment on the latest allegations.

She has been ordered to appear on the criminal charges in Jackson County Circuit Court in Medford on Jan. 4. A civil eviction trial is set for Jan. 19.

Smith apparently moved to Oregon with her teenage son shortly after a Sonoma County judge this fall ordered her to pay more than $49,000 in back rent and damages to a Sebastopol landlord.

Landlord Connie Cook said she was forced to sell her property after Smith and her son rented her converted barn and refused to pay rent for more than 18 months, leaving her in financial difficulty.

Smith had moved in after leaving another Sebastopol rental under similar circumstances. A judge in that case ordered Smith to pay more than $42,000 in damages. Smith also has a judgment in Wisconsin for more than $80,000.

Some of her victims said Smith is a serial squatter who uses her single-mother status and legal knowledge to take advantage of unsuspecting landlords.

"The evidence clearly speaks for itself," said Santa Rosa lawyer James Sansone, who brought one case against her and was contacted by the Oregon landlord. "I don't know how you can conclude anything else if look at her record."

Lawyers for the Sonoma County victims urged prosecutors to get involved but they never did because the cases were never reported to police, a district attorney spokeswoman said.

Oregon authorities proved less tolerant of Smith.

She and her son moved in to a room in a three-bedroom farm house outside Ashland on Oct. 7. Hilt and Vavra raise livestock on the property they have leased for about eight years, they said.

Hilt said he felt a connection with Smith and her son and allowed her to pay the $300 a month rent in $100 installments. He said he didn't check her references.

"She seemed great," Hilt said, recalling the first time they met. "She had a lot softer countenance."

But after a month things became strained. Smith made numerous demands and Hilt asked her to move out, he said.

More conflict followed, Hilt said.

Smith stopped paying rent and filed a counter suit, claiming the house was uninhabitable and infested with vermin, Vavra said.

After researching Smith's other cases the couple contacted the sheriff's department. A fraud investigator became "acutely interested" and drove out to talk to Smith, who was with her son in the bedroom they rented.

She wouldn't come out and the deputy slipped her citation under her bedroom door, Vavra said.

"A week later, Smith paid $800 into a special court trust account that covered the rent but not utilities, Vavra said."

Jackson County prosecutors did not respond to questions about whether they will continue to pursue the criminal case.

Copyright © 2011 PressDemocrat.com — All rights reserved. Restricted use only.

# Exhibit E

# SONOMA COUNTY LAWYER BLOG

PUBLISHED BY **J V / LAW OFFICES OF**
**S JAMES V. SANSONE**

LAKE COUNTY: **707-993-4068**   MENDOCINO COUNTY: **707-234-4054**
SANTA ROSA **707-623-1875**

HOME   WEBSITE   BANKRUPTCY   FAMILY LAW   LANDLORD/TENANT LAW   CRIMINAL DEFENSE   DUI   CIVIL LITIGATION   ABOUT

CONTACT

« Previous | Home | Next »

## Gwendolyn Smith Loses Another Legal Battle This Time In Oregon

**May 4, 2011,** by Law Offices of James V. Sansone

Posted in: Eviction , Landlord/Tenant Law , Unlawful Detainer

By Law Offices of James V. Sansone on May 4, 2011 8:00 AM | Permalink

Share |     [ Like ]



The court may be different and the state may be different, but the frivolous legal arguments and courtroom manner remain the same.

Oregon landlord Pamela Joy, Smith's second landlord in Oregon she was involved in a legal battle with, is happy that her trial against Gwendolyn Smith is over.

Below is a reproduction of the Order from the Oregon Court. A comparison with the Judgment and Statement of Decision in former Sebastopol Landlord Connie Cook's trial against Gwendolyn Smith reveals many similarities.

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR JACKSON COUNTY

PAMELA JOY, Plaintiff, v. GIA SCHULTZ, et al, Defendant.

No. 110008360E

ORDER

This matter is before the Court on several motions filed by defendant Gia Schultz, also known as Gwendolyn Smith.

On April 8, 2011 Ms. Smith filed a motion seeking a reinstatement of the jury trial, for leave to file an amended counterclaim, and to reset the date of pretrial motions.

The Court met on the record with the attorney for the plaintiff and Ms. Smith at the time set for trial of the case, at 9:00 AM on April 8, 2011. The Court had not previously denied a jury trial, as Ms. Smith's motion states, and the Court affirmed that she was entitled to a jury trial. Because a jury was unavailable on April 8, 2011, the Court continued the matter until April 12, 2011, and set the time for hearing of pretrial motions at 8:30 AM on April 12, 2011 and for a jury trial at 9:00 AM on April 12, 2011.

Ms Smith did not appear at the time set for the hearing of the pretrial motions, and appeared at approximately 9:04 AM on April 12, 2011. Beginning at 9:00 AM, the Court denied her various motions which

Case 8:10-cv-01364-JVS-JC    Document 30    Filed 11/04/11    Page 33 of 34    Page ID #:226

had been pending, and when she appeared at 9:04 AM, the Court inquired as to whether she was ready for trial and whether she had paid her trial fees for a jury trial. Ms. Smith asserted she was entitled to a jury trial without the payment of fees because her filing fees had been deferred. The Court again advised her that she would have to pay a trial fee of $150 for a six person jury trial or the Court would proceed with a non-jury trial. Ms. Smith began her disruptive approach at that point talking continuously in a manner interrupting the proceedings and was warned that she could not proceed to appear in court if she was to continue with her interruptions.

The Court concluded that Ms. Smith was not entitled to have her jury trial fees waived or deferred, because her petition for fee waiver or deferral and other documents in the file showed that while she claimed to have no income, she owned a motor vehicle worth $11,500 and paid $100 per month for a cell phone. Ms. Smith was in Court with an Apple laptop computer. In other court documents she stated that she worked at two jobs. On the signature of all the things that she has filed, she has claimed to possess M.A. and J.D. degrees. The Court further reasoned that she was not entitled to have her jury trial fees waived or deferred because with the previous deferral of the filing fees, she had been granted access to the court, she had access to a trial by the Court and that the State of Oregon should not, under the circumstances, pay for a jury trial for her. When Ms. Smith stated she would not pay the jury trial fees the Court required the plaintiff to pay non-jury trial fees of $110 and proceeded with a non-jury trial. See, ORS 21.270(3)(b).

The record will reflect how many times Ms. Smith was disruptive in the proceedings, and how many times she was warned that continued disruption in the proceedings would result in her being removed from the courtroom. After several disruptions and several warnings Ms. Smith was removed from the courtroom and the Court granted judgment for possession of the plaintiff based upon the evidence presented by the plaintiff prior to Ms. Smith's removal.

The Court sets out the history above, because in analyzing Ms. Smith's Motion to Set Aside the Judgment or to Stay Execution of the Judgment, the Court concludes that she would be disruptive in any further proceedings and that the disruption caused by her would result in another judgment being entered against her if the one currently in effect were vacated. The Court notes that the evidence presented concerning the eviction was that she was disruptive in the house where she was renting space and was threatening to the landlord. Ms. Smith's conduct in the courtroom confirmed the plaintiff's testimony, and this Court concludes this defendant will not allow a proceeding to go forward on an orderly basis.

The Law Offices of James V. Sansone offers a full range of landlord tenant legal services, including evictions, evictions after foreclosure, eviction defense, contract and lease disputes, landlords in bankruptcy, and especially enjoys dealing with problem tenants. We are located in Santa Rosa, California and serve clients throughout Sonoma County, Mendocino County, and Lake County, including Santa Rosa, Petaluma, Cotati, Rohnert Park, Sebastopol, Healdsburg, Sonoma, Kenwood, Glen Ellen, Windsor, Bodega Bay, Ukiah, Willits, Clearlake, Lakeport, and Kelseyville.

**Categories:**

- Eviction,
- Landlord/Tenant Law,
- Unlawful Detainer

Permalink | Email This Post

Posted In: Eviction , Landlord/Tenant Law , Unlawful Detainer

---

*Connect*



## Contact Us

LOCAL: **707-623-1875**

NAME:

EMAIL:

PHONE:

COMMENTS:

ENTER TEXT FROM THE IMAGE ABOVE:

(Enter Text)

1

2
### PROOF OF SERVICE
### [PURSUANT TO CCP§ 1013a(3) 2015.5]
3

4  STATE OF CALIFORNIA       }
                             }
5  COUNTY OF ORANGE          }

6
7  I, Juanda K. Anderson, am over the age of 18 years, employed in the County of Orange, State of California, and am not a party to this action. My business address is 1442 E. Lincoln Ave. # 352, Orange, California, 92865.
8

9  On November 3, 2011, I served:

10
11 RESPONSE TO DECLARATION OF GWENDOLYN SMITH, AKA GIA SCHULTZ, AKA GWENDOLYN SCOTT, AKA GWEN SMYTHE, AKA GWEN SMITH, AKA WENDY GROSS, AKA WENDY GROZE; MEMORANDUM OF POINTSAND AUTHORITIES; EXHIBITS
12

13 For Case No.: SACV10-01964 JVS(JCx)

14
15 On interested parties, in a sealed envelope with postage thereon fully prepaid, 1st. Class, addressed as follows:
16                              GWENDOLYN /SMITH
                                138 Weeks Way
17                             Sebastopol, Ca. 95472

18
19 I declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service at Orange, California, and know that the correspondence was deposited and placed for collection and mailing on that date following ordinary business practices.
20

21
22 I declare under penalty of perjury that the foregoing is true and correct.

23 Executed on this 3rd day of November, 2011, at Orange, California.

24

25 *Juanda K. Anderson*

26 Juanda K. Anderson

27

28
_____

Response to Declaration of Gwendolyn Smith        5