JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01964 JVS (JCx) | Date | December 19, 2012 |
| Title | Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)   Order Granting Defendant's Motion to Dismiss 3rd Amended Complaint (Fld 7-30-12)

This action arises out of Plaintiff Gwendolyn Smith's unsuccessful attempt to obtain services from Defendant, a dentist. Claims are also asserted by Ms. Smith's son, Zeus Harrison Smith, a minor at the time of the relevant events.[1]

The Court has thrice previously considered the pleading sufficiency of Plaintiffs' claims. (Docket Nos. 34, 49 & 57.) Each time, the Court granted leave to replead. In its latest iteration, the operative complaint, now the Third Amended Complaint ("TAC") (Docket No. 61), sets forth ten claims, which are challenged by pro se Defendant Richard T. Hansen, D.D.S., in his fourth Motion to Dismiss.

I.    Factual Allegations and Claims Asserted

Plaintiff's factual allegations have been essentially unchanged since her first pleading. Briefly, Plaintiff alleges[2] that after obtaining approval for a loan[3] for an estimated $60,000 in dental work, and after waiting for four months and driving twelve

---

[1] Until three days before the hearing on this matter, Plaintiffs were unrepresented. At that time, the Court granted Plaintiffs' request to have attorney Aalok Sikand appear on their behalf.

[2] All the relevant allegations in this action relate to Plaintiff Gwendolyn Smith. For this reason, and for the sake of simplicity, the Court refers to both Plaintiffs in the singular as "Plaintiff."

[3] Before the loan would be disbursed, Plaintiff had to obtain a written treatment plan, which she expected to receive from Defendant after he made a "visual diagnosis." (See FAC at 3.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01964 JVS (JCx) | Date | December 19, 2012 |
| Title | Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al. | | |

hours to appear at an appointment with Defendant, as a condition of treatment, Plaintiff was unexpectedly required to waive the right to sue Defendant in favor of arbitration. (TAC at 2-4.)[4] When she refused to do so, her appointment was cancelled, and she lost a window of opportunity to take advantage of a loan for students that would cover the needed dental work. (TAC at 12.)

On these facts, Plaintiff currently asserts claims for (1) fraud, (2) breach of fiduciary duty, (3) breach of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"), (4) California Unfair Competition Law ("UCL"), (6)[5] detrimental reliance, (7) loss of chance, (8) intentional interference with prospective economic advantage, and (9) negligent interference with prospective economic advantage. For the reasons set forth below, the Court dismisses all claims with prejudice.

II.     Standard for Dismissal Pursuant to Rule 12(b)(6)[6]

Pursuant to Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff's factual allegations support reasonable inferences that could support a finding of liability. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a

---

[4] The Court cites to page numbers rather than paragraph numbers because, as was the case with the SAC, many of the paragraph numbers in the TAC are obscured by the lines and numbers created by use of a pleading format with insufficient left margin adjustment.

[5] Plaintiff's claims list the "SIXTH CAUSE OF ACTION" after the "FOURTH CAUSE OF ACTION." (TAC at 10-11.) For the sake of simplicity, the Court follows suit.

[6] Defendant again challenges the Court's subject-matter jurisdiction, a matter properly addressed by the standard for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court has ruled previously on this issue, and will not revisit its ruling at this time. (See Docket No. 34.) To the extent the challenge is premised on the younger Smith's domicile, he was a minor at the time the present action was filed, and it has long been the case that minor children are generally presumed to have the same domicile as their parents. See Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citing Yarborough v. Yarborough, 290 U.S. 202, 211 (1933)).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01964 JVS (JCx) | Date | December 19, 2012 |
| Title | Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al. | | |

two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Until three days before the hearing on this matter, Plaintiffs proceeded pro se. "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dept. of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Additionally, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, the pleading standard outlined in Twombly applies to pro se complaints. See Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (applying Twombly to a pro se complaint).

III. Disposition of Claims

(1)-(2) Fraud and Breach of Fiduciary Duty

The Court previously ruled that Plaintiff failed to state a fraud claim, and granted leave to replead only upon Plaintiff's representation that she could cite legal authority for the proposition that a fiduciary relationship could arise between a doctor and a patient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01964 JVS (JCx) | Date | December 19, 2012 |
| Title | Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al. | | |

prior to the doctor's agreement to treat.

She has failed to do so.  (See Opp'n at 9-10.)  Plaintiff's citation of out-of-state authority does not address this issue under California law.  The closest Plaintiff comes is citation to the California case of Keene v. Wiggins, 69 Cal. App. 3d 308 (Ct. App. 1977), which addresses the formation of a physician-patient relationship, but it does not support the proposition that a fiduciary relationship arises between doctors and patients prior to treatment.  To the contrary, this case does not discuss formation of a fiduciary relationship at all, and instead holds that a physician-patient relationship is not formed when a patient is examined for the purpose of the examining doctor providing an opinion regarding the patient's entitlement to workers' compensation benefits.  Id. at 314.

Plaintiff's remaining fraud claim and her breach of fiduciary duty claim are dismissed with prejudice.

(3) CLRA

Defendant challenges Plaintiff's CLRA claim on timeliness grounds.  The relevant limitations period is three years.  Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 644 (2009).  The relevant events occurred on December 27, 2006, but the present action was not filed until four years later, on December 27, 2010.  Plaintiff's CLRA claim is barred as untimely.  For that reason, it is dismissed with prejudice.

(4) UCL

The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  A plaintiff may pursue a UCL claim under any or all of three theories: the "unlawfulness," "fraudulent," or "unfairness" prongs.  South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal. App. 4th 861, 878 (1999).  First, the UCL prohibits "unlawful" practices that are forbidden by any law.  Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (1994).  Second, a fraudulent business practice is one that is likely to deceive the public and may be based on representations that are untrue.  McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1471 (2006).  Finally, an "unfair" business practice consists of "conduct that threatens an incipient violation of an antitrust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-01964 JVS (JCx)   Date   December 19, 2012

Title   Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al.

law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, 20 Cal. 4th at 187.

Plaintiff appears to base her UCL claim on the first two prongs.

First, Plaintiff clearly bases her UCL unlawfulness claim on the CLRA.[7] Although Plaintiff's CLRA claim is itself barred by the relevant limitations period, this presents no obstacle to a UCL unlawfulness claim based on the CLRA. Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163, 178 (2000) (four-year limitations period applies notwithstanding fact that a claim based on a violation of the underlying statute was itself time-barred by a shorter limitations period). The CLRA provides, in relevant part:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> . . . (14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

Cal. Civ. Code § 1770(14).

Plaintiff's claim under the facts alleged here is not actionable in light of how the statute defines the key term "transaction," which is defined to "mean[] an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." Cal. Civ. Code § 1761(e). Here, as discussed at length in a previous Order, there was no promise or agreement made by Defendant under the present factual allegations. (Docket No. 57 at 3-4.)

---

[7] In addition to the reasoning set forth herein, this claim has been withdrawn by Plaintiff. Specifically, at the hearing, Plaintiffs' counsel argued that the unlawfulness claim was not based on the CLRA, effectively abandoning the CLRA as a basis for her claim.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-01964 JVS (JCx)      Date December 19, 2012

Title     Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al.

     Moreover, Plaintiff does not actually complain of a representation; instead, her claims are based on an omission. Omissions are actionable under the CLRA, but only if there is an identifiable duty to disclose the omission or if the omission is contrary to an actual representation. See Keegan v. Am. Honda Motor Co., Inc., 838 F. Supp. 2d 929, 939 (C.D. Cal. 2012). There has never been a suggestion by Plaintiff that the omission was contrary to an actual representation; thus, any omission is actionable only upon the finding of a duty to disclose. However, the absence of such a duty has also been discussed at length in a previous Order.

     As to the second prong, Plaintiff's claim fails because a UCL fraudulent business practices claim, when based upon a failure to disclose, also requires that the omission be either contrary to a representation by a defendant or there must otherwise be a duty to disclose. Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 835-36 (Ct. App. 2006). The Court has addressed these issues previously.

     The UCL claim is dismissed with prejudice.

(6)    Detrimental Reliance

     Plaintiff purports to assert a claim for detrimental reliance. There is no such claim, although as a general term, "detrimental reliance" is an element of a number of actionable claims, such as fraud and promissory estoppel. A review of this claim, as stated, reveals that it is merely an attempt to re-assert Plaintiff's fraud and promissory estoppel claims, which have been dismissed with prejudice. Thus, Plaintiff's "detrimental reliance" claim is also dismissed with prejudice.

(7)    Loss of Chance

     Plaintiff purports to assert a claim for "loss of chance." Plaintiff describes this claim as being based on two losses of chance, the first of which is the months Plaintiff "lost" while awaiting her appointment to see Defendant, and the second is the complete loss of the opportunity to avail herself of certain financing for treatment available to her for a limited time period when she was a student. (Opp'n at 6.)

     This is not a separate claim; rather, under the law of some states other than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01964 JVS (JCx) | Date | December 19, 2012 |
| Title | Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al. | | |

California, it is doctrine related to the recoverability of certain types of damages for breach of contract. See, e.g., Miller v. Allstate Ins. Co., 573 So.2d 24 (Fl. Dist. Ct. App. 1990) (cited in Opp'n at 5).

This claim is dismissed with prejudice.

(8)-(9) Intentional and Negligent Interference with Prospective Economic Advantage

Plaintiff bases this claim on the fact that she had secured financing for her dental work, and Defendant's actions interfered with this arrangement. (TAC at 13-14.)

The tort of intentional interference with prospective economic advantage is comprised of the following elements:

> (1) [the existence of] an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."

Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (internal quotation marks omitted).

The tort of negligent interference with prospective economic advantage has similar elements, but as expected, reflects a different intent requirement. Those elements are:

> (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01964 JVS (JCx) | Date | December 19, 2012 |
| Title | Gwendolyn Smith etc. v. Richard T. Hansen, DDS, et al. | | |

> to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship.

Venhaus v. Shultz, 155 Cal. App. 4th 1072, 1078 (2007).

In addition to these elements, and regardless of whether it is intentional or negligent interference that is alleged, these torts both require that the "defendant's conduct [be] 'wrongful by some legal measure other than the fact of interference itself.'" Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153 (2003) (quoting Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal.4th 376, 393 (1995)); see Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1004 (9th Cir. 2008) (applying this principle in a claim alleged negligent interference).

Despite having four opportunities to plead that Defendant's conduct is otherwise wrongful, Plaintiff has failed to do so, and her interference tort claims fail for this reason. These claims are dismissed with prejudice.

IV.  Conclusion

For the reasons set forth herein, the Court grants the Motion to Dismiss and dismisses all claims set forth in the TAC with prejudice.

**IT IS SO ORDERED.**

| | 00 : 00 |
|---|---|
| | Initials of Preparer   kjt |